## Freeman v. Baras, Appellant.

*Contract—Misrepresentations—Auctioneer—Principal and agent—Check.*

In an action upon a check, an affidavit of defense is insufficient to prevent judgment which avers that the plaintiff, an auctioneer, offered for sale two houses which he wrongfully represented were two three-story brick dwellings; that the defendant as an agent, of which agency the plaintiff had knowledge, relying on the representations, bid on the houses, and the same were knocked down to him; that he then gave plaintiff his personal check for the deposit money required; that subsequently defendant ascertained that the houses were not three-story brick houses as represented, but were houses consisting of three-story brick front buildings, and two-story frame rear buildings; that defendant thereupon repudiated the sale and stopped payment of his check.

Argued Dec. 13, 1905.    Appeal, No. 210, Oct. T., 1905, by defendant, from order of C. P. No. 2, Phila. Co., June T., 1905, No. 4,276, making absolute rule for judgment for want of a sufficient affidavit of defense in case of Samuel T. Freeman, trading as Samuel T. Freeman & Co., v. Jacob Baras.    Before RICE, P. J., BEAVER, ORLADY, PORTER, MORRISON and HENDERSON, JJ.    Affirmed.

Assumpsit on a check.

The affidavit of defense was as follows :

" Jacob Baras, being duly sworn according to law, deposes and says that he has a full, just, true, complete and legal defense to the whole of the plaintiff's claim, of the following nature and character, to wit:

" The plaintiff, Samuel T. Freeman, is engaged in the auctioneering business.

" That on August 9, 1905, he offered for sale at auction, at his place of business, S. W. Cor. 12th and Walnut Sts., Philadelphia, the premises at 816 and 818 Wharton street, Philadelphia, which premises the said plaintiff advertised in a catalogue issued, published and distributed by him to contain improvements, consisting of two three-story brick dwellings, a copy of which is hereto attached and made a part hereof.

" The plaintiff also at the time of offering the said premises

for sale on the said 9th day of August, 1905, represented verbally before opening bids thereon that the said premises contained improvements consisting of two three-story brick dwellings.

" On the faith of the said written and verbal representations that the said improvements consisted of two three-story brick dwellings, the defendant bid thereon $6,000, at which price the said defendant, as agent, purchased the said premises under the representations as aforesaid, and the plaintiff was advised at the time of said purchase that the defendant was acting as agent merely, and that the properties were not bought for the defendant himself.

" The defendant then and there, for and on behalf of his principal, gave to the plaintiff his check mentioned in the plaintiff's statement of claim for the sum of $200 as a deposit, or on account of the purchase money, relying and believing the said representations of the plaintiff to be true and correct.

" Subsequently, the defendant ascertained that the said representations of the plaintiff were untrue, incorrect and false.

" That the said improvements on the said premises do not comprise two three-story brick dwellings as represented by the plaintiff, but in truth the said improvements consist of two three-story brick front buildings and two-story frame rear buildings, and not three-story brick dwellings as represented.

" That as soon as the defendant learned that the said representations of the plaintiff were untrue and incorrect he repudiated the sale of the properties, and refused payment on the check mentioned above, on the ground of said misrepresentations.

" The defendant therefore avers that he is not indebted to the plaintiff in the sum of $200, nor any other sum.

" All of which facts he will prove at the trial of this case."

*Error assigned* was order making absolute rule for judgment for want of a sufficient affidavit of defense.

*Louis Goodfriend*, for appellant.—All that the affidavit is required to set forth, are facts which would absolve the defendant from liability, and the first defense which is set forth is that of misrepresentation, which is well established and is a

sufficient ground for a recision of a contract: Sutton v. Morgan, 158 Pa. 204; Tyson v. Passmore, 2 Pa. 122; Brotherton v. Reynolds, 164 Pa. 134; Harner v. Fisher, 58 Pa. 453; Ley v. Huber, 3 Watts, 367; Rumsey v. Shaw, 212 Pa. 576; McCandless v. Young, 96 Pa. 289; Lake v. Weber, 6 Pa. Superior Ct. 42; Lare v. Westmoreland Specialty Co., 155 Pa. 33; Short v. Stevenson, 63 Pa. 95.

It is well established that where an agent buys for a third person, of which the vendor is informed by the agent at the time, the agent is not personally liable: Joyce v. Sims, 2 Dall. 223; Seyfert v. Lowe, 7 W. N. C. 39; Beeson v. Lang, 85 Pa. 197.

It is further contended that even although the check on which this suit is brought is drawn by the defendant, he is still nevertheless not liable, since the plaintiff knew that he acted in the capacity of an agent, and that he merely gave his personal check as a matter of convenience: Roberts v. Austin, 5 Wharton, 313.

*L. Albert Gray*, for appellee.—Representations, if made, must be shown to be material to the contract, that the vendee had a right, if material, to rely upon them, and that injury was caused by the representations: Marshall v. Hubbard, 117 U. S. 415 (6 Sup. Ct. Repr. 806); Mahaffey v. Ferguson, 156 Pa. 156; Weimer v. Clement, 37 Pa. 147; Slaughter v. Gerson, 80 U. S. 379; Shisler v. Baxter, 109 Pa. 443; Whetherill v. Neilson, 20 Pa. 448.

An agent is prima facie liable on a check signed by him in his own name: Barclay v. Pursley, 110 Pa. 13.

An agent is personally liable on his contract made by him as agent when he fails to name his principal: Meyer v. Barker, 6 Binney, 228; Horstman v. Fox, 2 W. N. C. 381.

PER CURIAM, May 14, 1906:

The six judges who heard this appeal are equally divided in opinion as to the sufficiency of the affidavit of defense. Therefore the judgment is affirmed.